Filed 1/5/15  P. v. Lopez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065709 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE335103) |
| EILEEN LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lantz Lewis, Judge.  Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Eileen Lopez of robbery (Pen. Code,[1] § 211) and making a criminal threat (§ 422).  Lopez was sentenced to a two-year prison term plus various fines and fees.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

Lopez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has been unable to identify any reasonably arguable issue for reversal on appeal and asks this court to review the record for error. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has listed a series of possible, but not reasonably arguable, issues to assist this court in reviewing the record. We offered Lopez the opportunity to file her own brief on appeal but she has not responded.

## STATEMENT OF FACTS

On October 30, 2013, Lopez, another woman and a male were observed entering a CVS store in Lemon Grove. Store employee Dorothy Cook observed the trio taking various items from the shelves and secreting them in a stroller and a diaper bag.

When Cook approached the group outside the store and identified herself as a "CVS Security" person, she was encountered by Lopez. Lopez approached Cook and "chest bumped" her several times. Lopez repeatedly threatened Cook saying "Bitch, I'm going to fuck you up." At one point in the encounter, Lopez asked her female companion to "get the knife."

Cook was frightened and retreated to the store. When she was able to calm down she called 911 and reported the events and the threats.

Cook testified it was hard for her to continue to work at the same store because she did not know when Lopez might come back and harm her.

2

Lopez was arrested the following day.  Sheriff's deputies found clothes matching the description of the suspect and also found a bag of items from a CVS store.

DISCUSSION

As we have noted appellate counsel has asked this court to review the record for error pursuant to *Wende, supra*, 25 Cal.3d 436.  Counsel has indicated she has been unable to identify any reasonably arguable issue for reversal on appeal.  Counsel has identified the following possible, but not reasonably arguable issues:

1.  Whether there was sufficient evidence of sustained fear by the victim to support the conviction for making a criminal threat?

2.  Was the trial court required to instruct the jury on the lesser included offense of attempted criminal threats?

3.  Did the trial court err in admitting the contents of the 911 tape?

4.  Was the trial court required to give a unanimity instruction regarding the robbery count?

5.  Was the trial court required to instruct the jury on the offense of simple assault as a lesser included offense of robbery?

We have reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not discovered any reasonably arguable issue for reversal on appeal.  Lopez has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:

_____

HALLER, J.

_____

AARON, J.